**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ALBERT EDMOND,**                                                             **PETITIONER**

**v.**                                                                     **No. 4:06CV197-P-B**

**LAWRENCE KELLY, ET AL.**                                          **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Albert Edmond for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition for failure to state a claim upon which relief could be granted, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted, and the instant petition for a writ of *habeas corpus* shall be dismissed.

**Facts and Procedural Posture**

The petitioner was convicted of rape in 1974 and sentenced to a term of life in the custody of the Mississippi Department of Corrections. *Edmond v. State*, 312 So. 2d 702 (Miss. 1975) (Cause No. 48509); *see also Edmond v. Miller*, 942 So.2d 203, 204 (Miss. App. 2006), *reh'g. denied* August 1, 2006, *cert. denied* November 16, 2006 (Cause No. 2005-CP-00549-COA). He was paroled in July of 1982, but his parole was revoked one month later, in August of 1982, and he returned to prison to serve out the remainder of his term. *Edmond,* 942 So. 2d at 204. Since that time, the petitioner has repeatedly sought parole. *Id.* On November 29, 2004, he filed a "Petition for Writ of Mandamus" in the Circuit Court of Sunflower County Mississippi seeking an order requiring the parole board to order a psychiatric evaluation of the petitioner to

be used in the board's considerations of whether or not to grant Edmond a second parole.[1]

The state circuit court denied Edmond's petition by order of February 1, 2005, stating:

> Pursuant to §47-7-27 of the Mississippi Code, in the event that the parole board shall revoke an offender's parole, the offender shall serve the remainder of the sentence originally imposed unless on a later date the parole board shall think it expedient to grant the offender a second parole. If a second parole is not granted, then the offender shall serve the remainder of the sentence originally imposed. This Court finds that the relief sought shall be denied and this cause dismissed as the petitioner has failed to state a claim upon which relief can be granted as it is clear from §47-7-27 that the parole board is not required to grant the petitioner a second parole.

The petitioner then filed a "Motion for Reconsideration" of the court's decision. That motion was denied by order of February 23, 2005.

He then appealed the circuit court's ruling to the Mississippi Court of Appeals, citing as error:

    I.    Whether the lower court erred in denying and dismissing appellant's petition pursuant to Miss. Code Ann. Sec. 47-7-27 for fail[ure] to state a claim upon which relief can be granted?

    II.    Whether Miss. Code Ann. Sec. 47-7-27, as applied by the lower court, is unconstitutionally vague and ambiguous as applied to appellant's life sentence; and, whether said section discriminates against Appellant as a "Lifer," as opposed to, those offenders with a definite term of sentence, in violation of his equal protection right of the Fourteenth Amendment to the United States Constitution?

    III.    Whether the parole board's failure to order appellant a psychiatric evaluation when determining appellant – as a sex offender – for parole reconsideration denied statutory due process; and, whether the parole board should allow appellant to review his parole[] file - psychiatric reports?

---

[1] The petitioner does not make clear which of the Parole Board's decisions he takes issue with. He attached copies of three of the Board's denials to his state court motion covering the years 1997, 2002 and 2004. To the extent the instant petition challenges the Parole Board's denials in 1997 or 2002, the claims are untimely filed under 28 U.S.C. §2244(d).

The Mississippi Court of Appeals considered these claims and affirmed the Sunflower County Circuit Court's decision. *Edmond v. Miller*, 942 So.2d 203.

In the instant petition, Edmond raises the following issues (as stated by the petitioner):

Ground One: The Parole Board was in violation of Petitioner's Due Process when failure to order a psychiatric evaluation.

Ground Two: The Parole Board was in violation of Petitioner's First Amendment by Refusing Review of his Parole[] file.

Ground Three: The MCA 47-7-27 statute was unconstitutionally applied to Petitioner's life sentence as a parole violator.

**No Federal Claims in the Instant Petition**

To maintain a petition for a writ of *habeas corpus* the petitioner must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Baker v. McCollan*, 443 U.S. 137 (1979); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). With the allegation of violation of a constitutional right, the petitioner's claim must fail. *Irving, supra* at 1216. In order to rise to the level of a liberty interest sufficient to trigger due process protection, a deprivation must be atypical and significant compare to ordinary prison life:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. *See also Board of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, *see, e.g., Vitek,* 445 U.S., at 493, 100 S.Ct., at 1263-1264 (transfer to mental hospital), and *Washington,* 494 U.S., at 221-222, 110 S.Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484 115 S.Ct. 2293 (1995). Also, the denial of parole will not

trigger due process protection if the parole board has complete discretion in the granting or denial of parole:

> [A] challenge to parole review procedures which affect the duration of confinement "might have implicated the narrow range of prisoner liberty interests remaining after *Sandin* " but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle,* 65 F.3d 29 (5th Cir.1995) (citing *Creel v. Keene,* 928 F.2d 707, 712 (5th Cir.), *cert. denied,* 501 U.S. 1210, 111 S.Ct. 2809, 115 L.Ed.2d 982 (1991); *Gilbertson v. Texas Bd. of Pardons & Paroles,* 993 F.2d 74, 75 (5th Cir.1993)). "It follows that because [the prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana* at 6. The district court properly disposed of Allison's claim regarding alleged due process violations resulting from the parole review process.

*Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

Mississippi's laws regarding eligibility for parole are similar to the Texas laws discussed in *Allison*. The Mississippi parole statutes, MISS. CODE ANN. § 47-7-1, *et seq.*, (1972), as amended, confer absolute discretion on the Parole Board and, therefore, afford a prisoner no constitutionally protected liberty interest in parole. *Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.); *Irving v. Thigpen, supra*, (". . . the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole . . .").

The fact that the Parole Board denied the petitioner parole does not exceed the scope of the Board's discretion. MISS. CODE ANN. § 47-7-17 (1972), as amended (providing that parole is granted "only for the best interest of society, not as an award of clemency . . . [nor as] a reduction of sentence or pardon . . . [but only] when the board believes that [an inmate] is able and willing to fulfill the obligations of a law-abiding citizen."). Parole in Mississippi is not a right, but a

privilege that may be granted to a prisoner by the Parole Board. Indeed, "[t]he granting of parole or denial of parole . . . is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority." *Mitchell v. State*, 561 So.2d 1037, 1039 (Miss. 1990).

As discussed above, the decision to grant or deny parole is left to the absolute discretion of the Parole Board who have determined, for the reasons specified in each of their action forms, that the petitioner will not be granted a second parole. In addition, the process employed by the Board during their consideration of the petitioner's eligibility for parole did not violate due process, but was conducted in accordance with Mississippi law. The petitioner does not have a constitutionally protected liberty interest in having a psychiatric evaluation conducted prior to the Parole Board's deliberations, but rather "[t]he language of the statute [Miss. Code Ann. §47-7-27] is clear: an inmate must otherwise be eligible for parole *before* he is entitled to a psychiatric evaluation to determine if he is of sound mind." *Edmond v. Miller*, 942 So.2d at 205 (emphasis added). In addition, under Mississippi law, the petitioner is not entitled to review of his parole file. *Id.* at 206. As such, the petitioner's allegations regarding the review process itself are without merit.

For these reasons, the petitioner has failed to state a claim upon which relief could be granted. As such the state's motion to dismiss shall be granted, and the instant case shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of November, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE